**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SI CHEN,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-01775-MRH

FILED UNDER SEAL

**[PROPOSED ORDER] (1) TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION AND A TEMPORARY ASSET RESTRAINT; (2) EXPEDITED DISCOVERY ORDER; and (3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

This matter is before the Court upon Plaintiff's *Ex Parte* Motion for a temporary restraining order, including a temporary injunction, a temporary asset restraint, and expedited discovery, and an Order to show cause why a preliminary injunction should not issue, against the Defendants identified on Schedule A to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Motion, the evidence in the record, and the applicable law, and therefore GRANTS Plaintiff's Motion as follows:

**FACTUAL FINDINGS AND CONCLUSION OF LAW**

1. Plaintiff Si Chen is likely to prevail on his patent claim at trial.

2. Plaintiff is the inventor and owner of United States Patent No. US [redacted], entitled "Ladder" (hereinafter "Plaintiff's Patent").

3. Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller aliases set forth on Schedule A hereto (the "Seller Aliases"), have advertised, promoted, sold, and offered for sale goods infringing Plaintiff's Patent, without authorization or license. Plaintiff has determined the products that each Defendant is offering for sale and selling are not genuine products made and sold by Plaintiff, nor are otherwise authorized by Plaintiff.

4. Through the e-commerce marketplace platform, Plaintiff accessed all the e-commerce stores operating under Defendants' Seller Aliases and captured the Defendants' listings at issue on the e-commerce stores. At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiff's representative and Plaintiff, who separately confirmed that each Defendant is offering for sale products that infringe upon at least Claim 1 of the Plaintiff's Patent ("Infringing Products").

5. Plaintiff, as well as consumers, is likely to suffer immediate and irreparable

losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Motion for *ex parte* relief is granted. There is good cause to believe that the unauthorized and unlicensed use of Plaintiff's Patent will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised; and that Plaintiff may suffer loss of sales, market share, profits, and ratings for his genuine products and an unnatural erosion of the legitimate marketplace in which he operates. The Motion and accompanying evidence clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. There is also good cause to believe that if Plaintiff proceeds on notice to Defendants of this Motion, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller Aliases, thereby thwarting Plaintiff's ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

6. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary

restraining order is issued is far outweighed by the potential harm to Plaintiff, their reputation, and their goodwill as a seller and source of quality products, if such relief is not issued.

7. The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests and protect the public from being deceived and defrauded by the passing-off of Defendants' substandard goods as Plaintiff's genuine goods.

8. Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages.[1] Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Defendants' ability to at least partially satisfy a judgment.

9. If Defendants are given notice of the Motion, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' illegal and infringing activities. Therefore, Plaintiff

[1] Under Pennsylvania law, pre-judgment restraints are permitted as against all defendants. Walter v. Stacey, 837 A.2d 1205 (Pa. Super. 2003)(injunction entered restraining assets in action seeking damages for a wrongful death); Hoxworthv. Blinder, Robinson & Co., Inc., 903 F.2d 186 (3d Cir. 1990)(affirming injunction entered restraining assets in class action lawsuit).See also, Doggie Dental Inc. et al. v. AvantDigital et al., 21-cv-565-MRH (W.D. Pa., filed April 29, 2021) and Doggie Dental Inc. et al. v. CDOffice et al., 21-cv-271-MRH (W.D. Pa., filed February 25, 2021).Doggie Dental Inc. v. Go Well, No. 19-cv-1282 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on amazon.com);Doggie Dental Inc. v. Worthbuyer, No. 19-cv-1283 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on ebay.com);Doggie Dental Inc. v. Max_Buy, No. 19-cv-746(W.D. Pa. June 27, 2019) (Hornak, J.) (sellers on ebay.com);Doggie Dental Inc. v. Anywill, No. 19-cv-682 (W.D. Pa. June 13, 2019) (Hornak, J.) (sellers on amazon.com); Airigan Solutions, LLC v. Abagail, No. 19-cv-503 (May 28, 2019) (Fischer, J.) (sellers on amazon.com);Airigan Solutions, LLC v. Babymove, No. 19-cv-166 (W.D. Pa. Feb. 14, 2019) (Fischer, J.)(sellers on amazon.com); Airigan Solutions, LLC v. Artifacts_Selling, No. 18-cv-1462 (W.D. Pa. Oct. 31, 2018) (Fischer, J.)(sellers on ebay.com and aliexpress.com).

has good cause to be granted expedited discovery.

**ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion is hereby GRANTED as follows (the "Order"):

**I. Temporary Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

1) from (a) their unauthorized and unlicensed use of Plaintiff's Patent in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which infringe on Plaintiff's Patent;

2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other

records or evidence relating to their User Accounts[2], Merchant Storefronts[3] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from

[2] "User Account" is any and all accounts with online marketplace platform(s) Amazon.com, ebay.com, Alibaba.com, Aliexpress.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[3] "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller Aliases;

5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller Aliases;

6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller Aliases and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller Aliases that may have been deleted before the entry of this Order;

7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC (Alibaba.com) d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com

("eBay"), Joybuy Marketplace operated by Jingdong E-Commerce (Trade) Hong Kong Co., Ltd and JD E-Commerce America (collectively, "Joybuy"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third Party Service Provider(s)"), and Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[4], Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal"), Walmart d/b/a Walmart Pay ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule A hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s),

[4] WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller Aliases identified on Schedule A hereto;[5]

8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule A hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiff's Counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial

[5] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

10) Upon Plaintiff's request, any Internet marketplace that is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller Aliases identified on Schedule A hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

11) this Order shall apply to the Seller Aliases, associated Accounts

and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing this Order shall apply to the Seller Aliases, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for offering, advertising, shipping and/or selling the Infringing Products at issue in this action and/or unfairly competing with Plaintiff;

12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

13) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace that is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Motion for a preliminary injunction, or until further order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

2) within five (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, in **courtroom __ of the Joseph F. Weis, Jr. United States Courthouse on_____________, 2026, at _______ a.m./p.m,** or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's Counsel by delivering copies thereof to the office of Aptum Law, 1660 S Amphlett Blvd. Suite 315, San Mateo, CA 94402 before ______________, 202__.

C. After Plaintiff's Counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiff shall serve copies of the Complaint, the Motion, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller

Aliases, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. Plaintiff shall continue to provide notice of these proceedings, including any new motions filed by Plaintiff, and copies of the documents on file in this matter to Defendants by regularly providing email service as designated above or by other means reasonably calculated to give notice which is permitted by the Court.[6]

**III. Order Authorizing Expedited Discovery**

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's Counsel.

2) Plaintiff may serve requests for the production of documents

[6] Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. Pate v. Gov't of the Virgin Islands, 2015WL1937701 n.9 (VI Sup. Ct. April 17, 2015); Corrigan Dispatch Co. v. Casa Guzman, S.A., 569 F.2d 300, 302 (5th Cir. 1978).

pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's Counsel.

3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's Counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's Counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants'

Merchant Storefronts, including, but not limited to, documents and records relating to:

1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

3) the Defendant's methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and (4) Defendants' unauthorized and unlicensed use of Plaintiff's Patent in connection with the distribution, marketing, advertising,

offering for sale, or sale of any Infringing Products.

**IV. Security Bond**

IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $5,000.00 Dollars (five thousand dollars) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

**V. Summons**

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of "Schedule A Defendants" that will apply to all Defendants.

SO ORDERED.

SIGNED this _____ day of ____________, 2026, at ____________.

Pittsburgh, Pennsylvania.

___________________________________

Honorable Mark R. Hornak
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

| No. | Defendant | Seller ID | Platform |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |