**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SI CHEN,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Case No.: 2:26-cv-01775-MRH<br><br>FILED UNDER SEAL |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR (1) ENTRY OF TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION AND TEMPORARY ASSET RESTRAINT, (2) EXPEDITED DISCOVERY ORDER, AND (3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff Si Chen ("Plaintiff"), by and through his counsel, submits this Memorandum in support of his *Ex Parte* Motion for (1) Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction and temporary asset restraint, (2) expedited discovery order, and (3) Order to show cause why a preliminary injunction should not issue (the "Motion").

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's Motion seeks temporary *ex parte* relief against Defendants named in Plaintiff's Complaint for patent infringement pursuant to the provisions of the Patent Act. As alleged in the Plaintiff's Complaint, Defendants are offering for sale and selling unauthorized and unlicensed infringing products, using the federally registered patent number US [redacted] (hereinafter the "Patent-in-Suit"), entitled "Ladder," through the fully interactive, commercial Internet stores on Amazon.com, an online marketplace platform ("Infringing Products"). *See* **Exhibit A** to Plaintiff's Complaint.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Plaintiff has taken steps to protect his intellectual property, including registering his patent with the USPTO, as detailed above, as well as previously using legal means to combat anonymous seller aliases. *See* **Exhibit A** to Plaintiff's Complaint.

Defendants run a sophisticated operation and are reaching out to do business

with Pennsylvania residents by operating one or more commercial Internet storefronts, through which Pennsylvania residents can communicate with Defendants, view, purchase, and ship Infringing Products to Pennsylvania. *See* **Exhibit C** of the Complaint showing Defendants' Infringing Product listings, where such products are visible in Pennsylvania and able to be purchased and shipped to Pennsylvania. Defendants attempt to avoid liability by going to great lengths to conceal both their identity and the full scope and interworking of their infringing operation. As such, Plaintiff is forced to file this action to protect his intellectual property rights in his patent, as well as to stop Defendants from offering infringing goods of questionable quality to their customers. Defendants' ongoing unlawful acts should be enjoined, and this Court should grant Plaintiff's Motion.

## II. STATEMENT OF FACTS

Plaintiff is the inventor and owner of the Patent-in-Suit. *See* **Exhibit A** attached to the Complaint.

Plaintiff put large efforts into developing the invention described in the Patent-in-Suit in 2024 to overcome the deficiencies of conventional ladders. *See* Declaration of Si Chen at ¶ 3. Plaintiff estimates that the cost of developing the Patent-in-Suit was around $2,200,000.00 in 2024. *Id*. Plaintiff has invested significant time, money, and manpower into the promotion of the Patent-in-Suit protected products, including advertising, promotions, and online publications. *Id*.

Plaintiff started to launch the products and received great commercial success in the United States. *Id*. at ¶ 4. Plaintiff's primary sales point for his Patent-in-Suit products is on Amazon.com. *Id*. at ¶ 5. However, Defendants, also through Amazon.com, offer infringing Patent-in-Suit products. *Id*. at ¶ 6. These products are advertised as and are similar in appearance to original Patent-in-Suit products. *Id*.

As a result, products based on the Patent-in-Suit are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. The widespread fame, outstanding reputation, and significant goodwill associated with Patent-in-Suit products have made the Patent-in-Suit an invaluable asset of Plaintiff.

The success of Patent-in-Suit products has resulted in the infringing behavior by Defendants looking to capitalize on the successful and protected invention. Consequently, Plaintiff has been required to respond to these illegal actions to protect the patent, and discourage future cases of infringement. In this case, the Defendants' Internet stores delineated on Schedule A to the Complaint are offering for sale and selling Infringing Products to consumers in this Judicial District and throughout the United States.

## III. JURISDICTION

This Court has original subject matter jurisdiction over the claims in this action, personal jurisdiction is proper, and venue is proper. See Complaint at ¶ ¶ 42-47; *See e.g.*

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1125 (W.D. Pa. 1997); *Murphy v. Rolex Watch USA, Inc.*, No. 1:23-CV-00086-SPB, 2024 U.S. Dist. LEXIS 84515 (W.D. Pa. May 9, 2024).

## IV. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Federal Rule of Civil Procedure 65(b) provides that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Indeed, "[i]f there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule 65(b)." *Trefelner v. Burrell Sch. Dist.*, 655 F. Supp. 2d 581, 588 (W.D.Pa. 2009) (citing Fed. R. Civ. P. 65(b)).

Here, the standard for issuance of a TRO and Preliminary Injunction is the same in this District. Id. at 589. Plaintiff must demonstrate (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. See *Jacki Easlick, LLC v. CJ Emerald*, Civil Action No. 2:23-cv-2000, 2024 U.S. Dist. LEXIS 14421, at *3 (W.D. Pa. Jan. 26, 2024).

### A. Plaintiff is likely to prevail on the merits of his Patent Infringement Claim.

Plaintiff is likely to prevail on the merits of his patent infringement claim. Patent infringement occurs where a defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a).

"Determining the proper scope of the claims of a patent by construing the language of those claims is, of course, the first step in an infringement analysis." *Newspring Indus. Corp. v. Sun Gem Plastics Enter. Co.*, 66 F. App'x 863, 865 (Fed. Cir. 2003). Plaintiff submits that the claim terms be given their ordinary meaning as understood in the art and in light of the Specifications.

In this case, Plaintiff's Patent-in-Suit is novel and registered with the United States Patent and Trademark Office. *See* **Exhibit A** to the Complaint. The registration for the Patent-in-Suit is valid, subsisting, and in full force and effect. *Id*. The registration for the Patent-in-Suit constitutes ***prima facie*** evidence of its validity. Furthermore, Plaintiff has not licensed nor authorized the Defendants to use the Patent-in-Suit. *See* Declaration of Si Chen at ¶ 8.

Moreover, as evidence of each Defendant, Plaintiff has reviewed and submitted each of Defendants' Infringing Product listings, showing each Defendant's Infringing Product infringes upon the Patent-in-Suit. *See* **Exhibit C** to the Complaint. Based on

these listing pages, Defendants' Infringing Products are virtually identical to and directly infringe the Patent-in-Suit.

Based on the foregoing evidence, Plaintiff has established a likelihood of success on the merits of his patent infringement claim.

**B. Plaintiff will suffer an immediate and irreparable injury in the absence of preliminary relief.**

Plaintiff will suffer an immediate and irreparable injury absent an *ex parte* temporary restraining order and subsequent preliminary injunction. Without the entry of an *ex parte* restraining order, Defendants will continue to offer infringing goods of questionable value to their customers. Plaintiff has already expended substantial time and money in advertising Patent-in-Suit products, and Plaintiff has lost significant market share and sales due to Defendants' infringing activity. *See* Declaration of Si Chen at ¶ ¶ 3-11. Further, Plaintiff faces loss of market share, reputation, exclusivity, and an inability to realize a return on investment. *Id*. Defendants will most likely simply close the accused Amazon.com and other platform stores and open new ones on the same or different platforms, as well as relocating their ill-gotten gains to different payment accounts or even relocating the funds to China. *See* Declaration of Zheng Liu, ¶ 4-5.

In fact, "[i]t is well-settled that, because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that

monetary damages will always suffice to make the patentee whole." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1456- 57 (Fed. Cir. 1988). "If monetary relief were the sole relief afforded by the patent statute then injunctions would be unnecessary and infringers could become compulsory licensees for as long as the litigation lasts." *Id.* at 1457 (quoting *Atlas Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985)).

Moreover, as discussed above, exclusivity "is an intangible asset that is part of a company's reputation, and here, [Plaintiff's] exclusive right to make, use, and sell the patented inventions is under attack by [Defendants'] infringement." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013). Defendants' infringement has deprived Plaintiff of this incalculable right.

As described above, Plaintiff will continue to lose profits, market share, and future customers should preliminary relief not be granted. Defendants continue to erode Plaintiff's Patent-in-Suit market share through direct competition on virtually identical goods. *See* e.g., *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("'Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm'") (quoting *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012))); *Life Spine, Inc.*, 8 F.4th at 546 (citing 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2948.1 (3d ed. 2002 & April 2021 Supp. ("Injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable.")); *Abbott Lab'ys.*,

544 F.3d at 1362 (noting likelihood of loss of market position is evidence of irreparable harm).

Finally, Defendants' continued sale of Infringing Products diminishes the good will and reputation associated with Plaintiff and the Patent-in-Suit. *See AstraZeneca LP v. Apotex Corp.*, 633 F.3d 1042, 1063 (Fed. Cir. 2010); *see also Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1558 (Fed. Cir.1994) ("Harm to reputation resulting from confusion between an inferior accused product and a patentee's superior product is a type of harm that is often not fully compensable by money because the damages caused are speculative and difficult to measure."). Similarly, Defendants' flooding of the marketplace with infringing goods deters any reputable third-party license and diminishes Plaintiff's current licensee's rights.

Based on the foregoing, Plaintiff will suffer irreparable harm absent a TRO and subsequent Preliminary Injunction.

### C. Balancing of harms tips in Plaintiff's favor, and the public interest is served by entry of the injunction.

Defendants, as evidenced by virtually identical infringement and anonymity, are knowing and intentional infringers.

Indeed, "a court ought not reward a business built on an infringing product by allowing that infringement to continue in the face of a proper application for preliminary relief." *Advanced Communication Design, Inc. v. Premier Retail Networks, Inc.*,

46 Fed. Appx. 964, 984-85 (Fed. Cir. 2002) (balance of harms favored preliminary injunctive relief in action for infringement of patent for apparatus that allowed multiple customers at music or video stores to simultaneously sample an audio or visual product at the store, despite claim that injunction would effectively put alleged infringer out of business; patentee had lost business, goodwill, and sales opportunities, and it was possible that alleged infringer had already benefitted at patentee's expense).

Plaintiff has demonstrated an extremely high likelihood of success on the merits. There is absolutely no question at all that the Defendants have committed patent infringement. *See Supra*. As such, the balance of equities weighs most heavily in favor of Plaintiff.

Further, in general, the public interest "favor[s] the enforcement of patent rights to promote the encouragement of investment-based risk." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 735 F.3d 1352, 1371 (Fed. Cir. 2013). Additionally, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions.

For these reasons, this Court should enter the *ex parte* relief requested.

## V. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The U.S. Code authorizes courts to issue injunctive relief in "accordance with the principles of equity to prevent the violation of any right secured by patent …." 35 U.S.C. § 283.

**A. A Temporary Restraining Order immediately enjoining Defendants' unauthorized and unlawful use of Plaintiff's Patent-in-Suit is appropriate.**

In relief, Plaintiff seeks a temporary restraining order and subsequent preliminary injunction against the Defendants, enjoining them from making, using, selling, or offering for sale the infringing goods which infringe upon the Patent-in-Suit. As discussed above, Plaintiff is and will continue to suffer irreparable harm with Defendants' continued unlawful offering for sale and sale of infringing products.

**B. Plaintiff is entitled to expedited discovery.**

In addition, Plaintiff seeks expedited discovery to discover which bank systems and payment accounts Defendants use in their infringing operations. The purpose is to identify the identity of Defendants and any additional financial accounts used by the Defendants in order to freeze any assets therein to halt Defendants' infringing activities.

While a party may not typically seek discovery prior to a Rule 26(f) conference, courts have broad power to permit expedited discovery. *See* Fed. R. Civ. P. 26(b)(2) and Fed. R. Civ. P. 65(d)(2)(C); see also *Curran v. Venango Cty.*, No. 1:23-cv-00019, 2023 U.S. Dist. LEXIS 74892, at *1-2 (W.D. Pa. Apr. 28, 2023) (quoting *Teets v. Doe One*, 2021 U.S. Dist. LEXIS 39831(W.D. Pa. Mar. 3, 2021)) ("[C]ourts have broad discretion to manage the discovery process and may expedite or otherwise alter the time and sequence of discovery.").

In this case, because the Defendants are located overseas and have gone to great lengths to conceal their identities and avoid detection, it is likely that this Court's restraining order would be of little value if the Plaintiff is unable to discover the Defendants' bank accounts, identity, and email, and to serve the financial institutions maintaining those accounts. In light of this, Plaintiff respectfully requests this Court grant his Motion.

///

**C. Preventing the fraudulent transfer of assets is appropriate.**

Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of infringing Patent-in-Suit is not impaired. Issuing an *ex parte* restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case hold most of their assets in China, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

The freezing of assets "is also appropriate in this case because Defendants may otherwise transfer their financial assets to overseas accounts, thereby depriving the Plaintiff of final relief." *See Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("A request for equitable relief invokes the district court's inherent

equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."); *See F.T. Int'l Ltd. v. Mason*, 2000 WL 1514881 *3 (E.D. Pa. 2000) (granting *ex parte* TRO restraining defendants' bank accounts upon finding that advance notice would likely have caused the defendants to secret or alienate funds); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question ... were profits of the [defendants] made by unlawfully stealing [the Plaintiff's] services, the freeze is appropriate and may remain in place pending final disposition of this case."). Without an asset seizure in place, Defendants are highly likely to simply disappear into the night, leaving Plaintiff and this Court powerless to redress their unlawful acts, and in such cases, numerous courts in this circuit have held that an asset seizure is warranted.

Courts have the inherent authority to issue a prejudgment asset restraint when a Plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007). In addition, Plaintiff has shown a strong likelihood of succeeding on the merits of his patent infringement claim, so the Plaintiff is entitled, "subject to the principles of equity, to recover ... defendants' profits." Plaintiff's Complaint seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve relief sought by Plaintiff.

Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. Accordingly, an asset restraint is proper.

## VI. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

Federal Rule of Civil Procedure 65(c) states that a "court may issue a preliminary or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The "amount of the bond required by Rule 65(c) rests within the discretion of the trial court". *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989) (citing *Stockslager v. Carroll Elec. Cooperative Corp.*, 528 F.2d 949, 951 (8th Cir. 1976). In this case, Plaintiff states that a bond of $5,000 is more than sufficient given Plaintiff's strong likelihood of success and based upon other bond requirements in this District.[1]

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter the proposed order, enjoining the Defendants from manufacturing, importing, distributing, offering for sale, or selling of infringing Patent-in-Suit products, temporarily restrain

[1] *Lkrb Industries, LLC v. Xuzhouaiyaxundianzishangwuyouxiangongsi et al.*, No. 2:24-cv-01601, ECF No. 15 (W.D. Pa. Nov. 22, 2024) ($5,000 bond); *DDC Technology LLC v. Shenzhentaifeikejiyouxiangongsi, et al.*, No. 2:24-cv-00006, ECF No. 17 (W.D. Pa. Jan. 5, 2024) ($5,000 bond); *Aquapaw Brands, LLC v. Joyi Yan, et al.*, No. 2:22-cv- 01607, ECF No. 37 (W.D. Pa. Dec. 15, 2022) ($5,000 bond); *Nifty Home Prods. Inc. v. Ladynana U.S., et al.*, No. 2:22-cv-00994, ECF Nos. 16 & 18 (W.D. Pa. Jul. 13, 2022) ($5,000 bond); *Airigan Solns., LLC v. Babymove, et al.*, No. 2:19-cv-00166, ECF No. 11 (W.D. Pa. Feb. 14, 2019) ($5,000 bond).

the assets of Defendants, grant expedited discovery, and issue an Order to show cause as to why a preliminary injunction should not issue.

Date: August 29, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*